# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>FERRISON DIAZ-DONCEL [5],<br><br>**Defendant**. | **CRIMINAL NO.** 13-379 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court are Ferrison Diaz-Doncel's motion to dismiss the indictment and the United States' response in opposition. (Docket Nos. 92 & 99.) Diaz-Doncel moves to dismiss the indictment on two grounds: (1) the unconstitutionality of the Maritime Drug Law Enforcement Act ("MDLEA"); and (2) the Court's lack of subject matter jurisdiction. (Docket No. 92.) The Court addresses each ground in turn.

Diaz-Doncel contends that the MDLEA unconstitutionally deprives him of his right to have a jury determination of an element of the offense — "jurisdiction" — by requiring that it be determined by the judge. As this Court has already mentioned in a ruling finding subject matter jurisdiction, the First Circuit Court of Appeals has held that constitutional challenges to the MDLEA do not implicate the subject matter jurisdiction of the Court, United States v. Cardales-Luna, 632 F.3d 731, 737 (1st Cir. 2011), and accordingly, those motions must be brought prior to the pre-trial

motions deadline.  (See Docket No. 61 at p. 2 n. 2.)  See also United States v. Gonzalez, 311 F.3d 440, 443-3 (1st Cir. 2002) (finding that a challenge to the term "jurisdiction" in the MDLEA did not implicate the subject matter jurisdiction of the court.) Further, as the Court has previously reminded this particular defendant,[1] the deadline for pre-trial motions was October 4, 2013. (Docket No. 53.)  Thus, Diaz-Doncel's motion to dismiss the indictment because of the unconstitutionality of the MDLEA is **DENIED** as untimely filed.

Alternatively, even if the argument had been timely raised, the First Circuit Court of Appeals has determined that "there is no constitutional infirmity in Congress's explicit allocation in § 70504(a) of the question of whether a vessel is 'subject to the jurisdiction of the United States' to the court rather than the jury for decision." United States v. Vilches-Navarrete, 523 F.3d 1, 19-23 (1st Cir. 2008) (finding no error on plain error review). Thus, the Court **DENIES** the motion to dismiss the indictment on the alternative ground that the MDLEA does not deprive the defendant of his constitutional rights ground.

Diaz-Doncel's second challenge to the indictment, though styled as a subject matter jurisdiction challenge, is again a

---

[1] The Court denied Diaz-Doncel's request for an extension of time to file a motion challenging the MDLEA to the extent such a challenge would be constitutional.  (Docket No. 61 at p. 2.)  The Court noted that subject matter jurisdiction can be challenged at any time.  Id.

constitutional challenge to the MDLEA.  The first sentence of this subsection states that the Court lacks subject matter jurisdiction "because Congress' Article I power to define and punish 'Felonies on the high Seas' does not encompass the power to unilaterally conduct maritime counter-drug operations within the territorial seas of a foreign nation."  (Docket No. 92 at p. 5.)  As Diaz-Doncel further complains, Section 70503 of the MDLEA extends the law's prohibitions "even though the act is committed outside the territorial jurisdiction of the United States."  46 U.S.C. § 70503(b).  Thus, even if Diaz-Doncel's factual allegations are true — that the alleged offense occurred not on the high seas but in foreign territorial waters[2] — the indictment would not offend this Court's Article III subject matter jurisdiction because it tracks the language of the statute.  See Gonzalez, 311 F.3d at 442 (explaining that "a federal criminal case is within the subject matter jurisdiction of the district court if the indictment charges . . . that the defendant committed a crime described in" statutes defining federal crimes.)  Because this ground for dismissal is in fact a constitutional challenge, the motion to dismiss is **DENIED**, like the first ground, as untimely raised.

Alternatively, the Court finds that the MDLEA is a "constitutional exercise of Congress' power under the Piracies and

---

[2] Diaz-Doncel cites to an exhibit to support this factual allegation, but failed to file the exhibit.  (Docket No. 92 at p. 5 n. 1.)

Criminal No. 13-379 (FAB)                                                    4

Felonies Clause" of Article I of the Constitution.  <u>United States v. Nueci-Pena</u>, 711 F.3d 191, 198 (1st Cir. 2013).

**IT IS SO ORDERED**.

San Juan, Puerto Rico, January 7, 2014.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE